81 F.3d 170
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John James BALLOU, Defendant-Appellant.
 No. 95-30116.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1996.*
Decided March 29, 1996.
 
 1
 Before: BROWNING and CANBY, Circuit Judges, and REA,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 On December 6, 1994, an indictment was filed against John James Ballou for bank robbery in violation of 18 U.S.C. § 2113(a). Ballou moved the district court for dismissal for alleged violation of his due process rights. On February 10, 1995, the district court issued an order denying Ballou's pretrial motions. On February 17, 1995, Ballou entered a conditional guilty plea. Ballou was sentenced on April 6, 1995.
 
 
 4
 Ballou appeals the district court's denial of his pretrial motion to dismiss for alleged violation of his due process rights. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, and we affirm.
 
 DISCUSSION
 
 5
 Ballou argues that the district court erred in denying his motion to dismiss the indictment on the grounds that Ballou's due process rights were violated by the destruction of the bank's video tape of the robbery after government authorities had determined that Ballou was not identifiable as the robber. We review de novo the denial of a motion to dismiss an indictment on due process grounds. United States v. Restrepo, 930 F.2d 705, 712 (9th Cir.1991).
 
 
 6
 "The suppression of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment." Brady v. Maryland, 373 U.S. 83, 87 (1963).
 
 
 7
 Ballou argues that the destruction of the videotape prevented him from presenting a viable defense to the bank robbery charge. Ballou argues that the videotape was exculpatory evidence because Walker and Thundercloud could not identify the robber in the videotape as Ballou.
 
 
 8
 However, Ballou fails to address how the videotape could be considered "material" evidence. "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." United States v. Bagley, 473 U.S. 667, 682 (1985).
 
 
 9
 Ballou confessed to the bank robbery, had a bait bill in his pocket, and led the police to the rest of the bank's money. Ballou has not shown that there was a reasonable probability that if the defense had had use of the videotape, Ballou could have successfully defended against the bank robbery charge. Therefore, the government's failure to preserve the videotape did not violate Ballou's due process rights. The district court's denial of Ballou's motion to dismiss the indictment is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable William J. Rea, District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3